IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**MARCELO SOSTAITA, Individually and**                                    **PLAINTIFF**
**on behalf of All Others Similarly Situated**

vs.                                         No. 7:19-cv-127

**EXPLORE GROUP, LLC, and**                                              **DEFENDANTS**
**CARTER NATIONAL LOGISTICS, LLC**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Marcelo Sostaita, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Explore Group, LLC, and Carter National Logistics, LLC (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

## I.      PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants pursuant to Section 216(b) of the FLSA.

2.      The proposed Section 216 class is composed entirely of employees who are or were Sand Haulers for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their rights under applicable federal wage and hour laws.

3.      The proposed Section 216 class will seek recovery of monetary damages for overtime hours worked by Plaintiff and the putative class members.

4.      Plaintiff, both individually and on behalf of all others similarly situated, brings

this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for all hours worked in excess of forty hours in a single week that they were/are made to work.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

6.      Plaintiff files herewith his written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

## II.      JURISDICTION AND VENUE

7.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

9.      Plaintiff Marcelo Sostaita is a resident and citizen of Lonoke County, Arkansas.  He was employed by Defendants to deliver sand in West Texas from approximately February of 2019 until March of 2019.

10.      At all times relevant hereto, Plaintiff was paid a piece rate for his work for

Defendants.

11.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

12.     Defendant Explore Group, LLC, is a domestic limited liability company, created and existing under and by virtue of the laws of the State of Texas, providing transportation services in the oil and gas industry.

13.     Defendant Explore Group, LLC, operates from a centralized office in Houston, but it performs transportation services throughout Texas.

14.     Defendant Explore Group, LLC's, primary business purpose is to provide transportation and logistics services and employs haulers and contracts with other transportation and logistics companies to accomplish this goal.

15.     Defendant Explore Group, LLC's, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

16.     During each of the three years preceding the filing of this Complaint, Defendant Explore Group, LLC, employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil and gas industry.

17.     Defendant Explore Group, LLC's, registered agent for service of process in Texas is Samuel R. Benton, 9143 Timberside Drive, Houston, Texas 77025.

18.     Defendant Explore Group, LLC, is an "employer" within the meaning set forth in the FLSA and, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

19.     Defendant Carter National Logistics, LLC, is a domestic limited liability company, created and existing under and by virtue of the laws of the State of Texas, providing logistics and project management services.

20.     Defendant Carter National Logistics, LLC, operates from a centralized office in Fort Worth, but it performs logistics and project management services throughout Texas.

21.     Defendant Carter National Logistics, LLC's, primary business purpose is to provide logistics and project management services and employs haulers and contracts with other transportation and logistics companies to accomplish this goal.

22.     Defendant Carter National Logistics, LLC's, annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

23.     During each of the three years preceding the filing of this Complaint, Defendant Carter National Logistics, LLC, employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

24.     Defendant Carter National Logistics, LLC's, registered agent for service of process in Texas is Justin David Carter, 777 Main Street, #600, Fort Worth, Texas 76102.

25.    Defendant Carter National Logistics, LLC, is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

26.    Defendants Explore Group, LLC, and Carter National Logistics, LLC, operate as a single enterprise to employ Plaintiff, including the creation and maintenance of the pay policy applicable to Plaintiff, the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

27.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Sand Haulers and/or who were or are employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case. The Collective Class is defined as follows:

**All Sand Haulers employed within the past three years.**

28.    Defendants failed to pay these workers at the proper overtime rate.  These employees are similarly situated to Plaintiff and are owed overtime for the same reasons.

29.    Plaintiff alleges that Defendants failed to pay Plaintiff and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendants paid Plaintiff and members of the class a piece rate with no overtime premium.

30.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A.     Defendants' uniform misclassification of them as exempt employees under the FLSA; and

B.     Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

31.     Plaintiff is unable to state the exact number of the class but believe that the classes membership exceeds 20 persons but is less than 100 persons.  Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

32.     The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

33.     The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

34.     Sand Haulers are by category not at their residences as frequently as many other working-class Americans.  As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

35.     In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacities, separate and apart from the class claims set forth herein.

## V.     FACTUAL ALLEGATIONS

36.     Plaintiff repeats and re-allege all previous paragraphs of this Complaint as

though fully incorporated herein.

37.     Plaintiff worked as a Sand Hauler for Defendants within the three years preceding the filing of the Original Complaint.

38.     Within the time period relevant to this case, Plaintiff and other similarly-situated employees were misclassified as exempt "independent contractors" for purposes of the FLSA and paid a piece rate for their deliveries.

39.     Plaintiff's duties as a Sand Hauler included picking up sand from a rock quarry in Kermit and delivering it to an oilfield site in Pecos.

40.     Plaintiff was not financially invested in the company.

41.     Plaintiff did not share in the profits or losses of the company.

42.     Plaintiff had no control over his work environment. Defendants, not Plaintiff, arranged all work for Plaintiff.

43.     Defendants set rules and had complete control over the location and manner of work to be performed, and Plaintiff had to obey these rules or risk the loss of his job.

44.     Plaintiff regularly worked more than 40 hours per week as a Sand Hauler.

45.     Sand Haulers other than Plaintiff also regularly worked more than 40 hours per week.

46.     Defendants knew or should have known that the job duties of Plaintiff and other similarly-situated employees required them to work hours in excess of forty per week, yet Defendants failed and refused to compensate Plaintiff and other similarly-situated employees for their work as required by the FLSA.

47.     Defendants purposefully and knowingly classified Sand Haulers as

"independent contractors."

## VI.      FIRST CAUSE OF ACTION

## (Individual Claim for Violation of FLSA)

48.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

49.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

50.     Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

51.     Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

52.     Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

53.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

54.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.      SECOND CAUSE OF ACTION

### (Collective Action Claim for Violation of FLSA against Plaintiff and All Those Similarly Situated Class Members)

55.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

56.      Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

57.      Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

58.      Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

59.      By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

60.      Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated members of the class as provided by the FLSA, Plaintiff and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.      WILLFULNESS

61.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

62.      All actions by Defendants were willful and not the result of mistake or

inadvertence.

63.     Defendants knew or should have known that the FLSA applied to the operation of their oil and gas well operations at all relevant times.

64.     Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving unpaid wage claims for positions very similar to the Sand Haulers at issue in this case.

65.     Despite being on notice of its violations, Defendants chose to continue their policies and practices described above which resulted in Plaintiff and other members of the proposed collective class working overtime hours for which they were not compensated.

66.     Additionally, upon information and belief, some members of the proposed collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

## IX.      PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marcelo Sostaita, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     That each Defendant be summoned to appear and answer herein;

(b)     That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g)     An order directing Defendants to pay Plaintiff and the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARCELO SOSTAITA, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:     */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com